IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THAD THOMPSON, #A5013250, | ) | NO. 1:18-cv-00098 DKW-KSC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PETITION FOR |
| | ) | RECONSIDERATION |
| vs. | ) | |
| | ) | |
| NURSE RISSA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the court is pro se Plaintiff Thad Thompson's Petition for Reconsideration to Grant Plaintiff's 'In Forma Pauperis' (IFP) Application ("Petition"). ECF No. 5. Because more than twenty-eight days have passed since judgment was entered, the court construes Plaintiff's Petition as seeking reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure ("FRCP"). For the following reasons, the Petition is DENIED.

## I. **BACKGROUND**

On March 14, 2018, Plaintiff filed his Complaint. He alleged that Halawa Correctional Facility ("HCF") nurses and other medical staff delayed or denied him adequate medical care since approximately September 2015. *See* Compl., ECF No. 1. The court reviewed its records to determine whether Plaintiff had "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an

action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g); *see also Andrews v. King*, 398 F.3d 1113, 1120-21 (9th Cir. 2005) (stating "district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike"). Because Plaintiff had accrued 3-strikes,[1] the court screened the Complaint to determine whether it showed that he was in imminent danger of serious physical injury when it was filed. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that a prisoner who has accrued three strikes may not proceed IFP unless his "complaint makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing").

On April 2, 2018, the court found that Plaintiff's allegations failed to show that he was in imminent danger of serious physical injury when he commenced this action, denied his IFP application, and dismissed this action without prejudice to refiling with concurrent payment of the filing fees. *See* Order Denying In Forma

---

[1] *See, e.g.*, *Thompson v. Dep't of Public Safety*, No. 1:17-cv-00250 DKW-KJM (D. Haw. Aug. 2, 2017) (dismissed for failure to state a claim); *Thompson v. Dep't of Public Safety*, No. 1:17-cv-00235 LEK-KSC (D. Haw. Aug. 1, 2017) (same); *Thompson v. Burns*, No. 2:13-cv-01715-PHX-SPL (D. Ariz. July 14, 2014) (same). Thompson was notified of these strikes in each case, and the court recently provided him copies of each dismissal order. *See Thompson v. Hamilton*, No. 1:17-cv-00520 JMS-RLP (D. Haw. Oct. 27, 2017).

Pauperis Application and Dismissing Action ("April 2 Order"), ECF No. 3. Judgment entered that day. ECF No. 4. Plaintiff did not submit payment or file a notice of appeal.

On May 18, 2018, Plaintiff filed the Petition. ECF No. 5. Plaintiff argues that the court misconstrued his statement of facts and asserts that he has shown imminent danger of serious physical injury.

## II. LEGAL STANDARD

Rule 60(b) "provides for reconsideration upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration are not a substitute for appeal and should be infrequently made and granted. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981); *see also Grandinetti v. Hyun*, 2017 WL 239741, at *1 (D. Haw. Jan. 19, 2017).

## III. DISCUSSION

Plaintiff argues that he qualifies for § 1915(g)'s exception based on Defendants' alleged denial of adequate medical care for: (1) chronic lower back

3

pain that he has experienced since September 2014;[2] (2) difficulty breathing since November 22, 2017;[3] and (3) pain in his neck, shoulder, elbow, wrist, hand, and fingers since December 21, 2017.[4]

**A.     Chronic Lower Back Pain**

The court found that Plaintiff had seen medical providers for his back injury periodically since 2014, was receiving Ibuprofen for his pain, and had seen medical staff regularly between October 2017 and January 2018 for other issues and was able to raise his concerns regarding his back.[5]  *See* Order, ECF No. 3, PageID #36; Compl., ECF No. 1, PageID #10-11, ¶¶ 17-18.  Plaintiff's main complaint was that he had not been approved to see an outside nerve specialist for his back pain despite several requests.  Consequently, the court determined that Plaintiff's chronic back pain was being addressed, was not "a real, present threat," and did not show a "pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

---

[2]Plaintiff alleges that a guard injured him on this date at the Oahu Community Correctional Center.

[3]Plaintiff alleges that he began having breathing problems on this date at HCF.

[4]Plaintiff alleges he was assaulted by the HCF SWAT team on this date.

[5]Plaintiff stated that he saw Nurse Charlotte on January 11, 2018, but "forgot" to mention that he wanted to see a nerve specialist for his back, and blames her for failing to raise the issue. *See* Compl., ECF No. 1, PageID #11, ¶ 18.

Plaintiff now argues that, although he has seen medical providers for his back, other inmates are often scheduled for appointments before him, and says that "the appointments I've had with providers do not properly address my issues of my wanting and needing to see a nerve specialist for my lower-back." Pet., ECF No. 5, PageID #42. He also complains that the Ibuprofen is ineffective.

Plaintiff provides no additional facts that show the court was mistaken regarding the degree of his injury, the treatment that he is admittedly receiving, or the basis for his claimed need to see an outside nerve specialist. These allegations do not persuade the court to reconsider its holding that Plaintiff's chronic back pain does not constitute imminent danger of serious physical injury.[6]

## B. Breathing Difficulties

In the Complaint, Plaintiff stated that he "went to the Medium Medical Unit on a Emergency visit as I couldn't breathe and was in a Panic," on November 22, 2017. Compl., ECF No. 1, PageID #8 ¶ 4. Dr. Toyama prescribed Plaintiff

---

[6]*See, e.g., Stewart v. Lystad*, 2016 WL 6816278, at *3 (W.D. Wash. Oct. 14, 2016) (finding inmate's allegation of pain, for which she was being treated, did not establish imminent physical injury and was insufficient to qualify for an exception to the 3-strikes rule); *Balzarini v. Lewis*, 2015 WL 2345464, *8 (E.D. Cal. May 14, 2015) (finding prisoner's disagreement with prison medical personnel about the course or adequacy of his treatment did not establish imminent danger); *Thomas v. Ellis*, 2015 WL 859071, *3 (N.D. Cal. Feb. 26, 2015) (finding allegations that plaintiff was receiving medical treatment for his chronic pain, but disagreed with the medication prescribed, were insufficient to show imminent danger of serious physical injury).

antibiotics, nebulizer treatments three-times per day as needed, daily evaluations for the next ninety days, and an inhaler. *Id.* Plaintiff was then seen regularly, although he was denied nebulizer treatments on at least four occasions before he received chest x-rays on December 11, 2017.

On December 13, 2017, a new doctor continued Plaintiff's "as needed" nebulizer prescription at Plaintiff's insistence; he was denied nebulizer treatments at least twice thereafter.

On January 11, 2018, Defendant Charlotte explained that "as needed" meant that medical staff (rather than Plaintiff) would determine whether he required a nebulizer treatment based on his oxygen blood levels and wheezing. *Id.*, PageID #9 ¶13. On these facts, the court determined that Plaintiff failed to show that he was in imminent danger of serious physical injury due to his breathing difficulties.

In the Petition, Plaintiff takes issue with the court's statements that he "had a 'Panic attack and respiratory distress,'" and was "immediately taken" to the medical unit. Pet., ECF No. 5, PageID #41. He disputes that his daily evaluations were to determine whether the Nebulizer treatments were needed and argues that Nurse Charlotte did not "clarify" that "as needed" meant as determined by medical personnel, but "meant that she changed his prescription!!" *Id.*

These arguments do not show that Plaintiff was in imminent danger of serious physical injury when he filed the Complaint and commenced this case. It is clear that he has been monitored for his breathing difficulties for several months and given medication and treatments as determined by medical staff. The court declines to reconsider its decision with respect to Plaintiff's respiratory problems based on the facts alleged in the Complaint or the arguments set forth in the Petition.

**C.     December 21, 2017 Incident**

Plaintiff alleged that he was assaulted by the HCF SWAT team in December 2017, three months before he filed his Complaint, and was never "properly evaluated by the medical staff immediately after that assault" nor "properly" or "reasonabl[y] dealt with after the fact." Compl., ECF No. 1, PageID #8, ¶ 1. Plaintiff did not and does not explain what he means by "properly" or "reasonably" evaluated. He does not allege that he was denied medical care after the incident, and, in fact, the record demonstrates that he has received medical care on numerous occasions since December 2017. Plaintiff, for instance, told Nurse Rissa that he had continuing pains in his neck and wrist and other areas and requested a wrist brace on several occasions. Plaintiff adds no additional facts regarding this incident in the Petition.

7

The court remains convinced that these "vague and utterly conclusory" assertions" are insufficient to show that Plaintiff faced a real, proximate, genuine emergency due to the December 2017 incident with the HCF SWAT team when he filed the Complaint.

## IV. CONCLUSION

Nothing within the Petition or Complaint supports a finding that Plaintiff was in imminent danger of serious physical injury when he commenced this action. The court declines to reconsider the April 2, 2018 Order Denying In Forma Pauperis Application and Dismissing Action. Plaintiff's Petition for Reconsideration to Grant Plaintiff's 'In Forma Pauperis' (IFP) Application is DENIED.

IT IS SO ORDERED.

DATED: June 1, 2018 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Thad Thompson v. Nurse Rissa, et al.;* Civil No. 18-00098 DKW-KSC; **ORDER DENYING PETITION FOR RECONSIDERATION**

*Thompson v. Nurse Rissa, et al.,* No. 1:18-cv-00098 DKW-KSC; recon '18 Thompson 18-98 dkw (dny R60 re'14 assault, '17 panic attack, '17 swat team).